IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REBECCA E. DUGANNE,              )
                                 )
            Plaintiff,           )
                                 )
    v.                           )
                                 ) Civil Action No. 07-329J
MICHAEL J. ASTRUE,               )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                 )
            Defendant.            )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 19th day of March, 2009, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is granted, and the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, denied. The case will be remanded to the Commissioner for further proceedings consistent with this opinion pursuant to sentence 4 of 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence.

"Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), quoting, Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003), quoting, Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979). These well-established principles dictate that the court remand this case to the Commissioner for further proceedings consistent with this Memorandum Judgment Order.

Plaintiff filed her applications for DIB and SSI on August 24, 2004, alleging disability beginning February 1, 2004, due to depression, migraine headaches and abdominal pain. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on May 3, 2006, at which plaintiff, who was represented by counsel, appeared and testified. On July 26, 2006, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals

Council denied plaintiff's request for review on July 20, 2007, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 49 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has a high school education through a general equivalency degree. Plaintiff has past relevant work experience as a prep cook, ticketer, chef and cook, but she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairment of incontinence leading to diarrhea, that impairment does not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ also found plaintiff retains the residual functional capacity to perform heavy work with the additional limitation that she requires work that allows brief access to a restroom every two to two and a half hours during the workday or that can be performed wearing an incontinence protection pad (collectively, the "RFC Finding"). Given plaintiff's residual functional capacity, the vocational expert testified that she could perform

AO 72
(Rev 8/82)

her past relevant work. Based upon the vocational expert's testimony, the ALJ concluded that plaintiff could perform her past relevant work, and determined that she is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled

at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ erred at step 2 of the sequential evaluation process by finding that her migraine headaches and depression are not severe impairments. Plaintiff further argues that the ALJ's decision is not supported by substantial evidence because he relied upon an inaccurate hypothetical question to find her not disabled at step 4. Although the court finds that plaintiff's severity argument lacks merit, the court agrees with plaintiff that the ALJ's hypothetical did not sufficiently account for the limitations related to her bowel incontinence. Accordingly, for the reasons stated herein, this case must be remanded for additional consideration at step 4.

Plaintiff first argues that the ALJ erred in finding that her migraine headaches and depression are not severe impairments. The "severity regulation" applied at step 2 requires that the claimant have a severe impairment, or combination of impairments, which significantly limits her physical or mental ability to perform basic work activities.[1]  20 C.F.R. §§404.1520(c), 416.920(c). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step 2 severity

---

[1] Basic work activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting.  20 C.F.R. §§404.1521(b)(1)-(6); 416.921(b)(1)-(6).

determination in terms of what is "not severe." Newell v. Commissioner of Social Security, 347 F.3d 541, 546 (3d Cir. 2003) (citing Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996)). According to the Regulations, an impairment "is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§404.1521(a), 416.921(a). Social Security Ruling 85-28 clarifies that an impairment can be found "not severe" only if the evidence establishes a slight abnormality which has no more than a minimal effect on an individual's ability to work.

Although the principles discussed above indicate that the burden on an applicant at step 2 is not an exacting one, plaintiff nonetheless bears the burden to prove that her migraine headaches and depression are severe impairments. 20 C.F.R. §§404.1512(c), 416.912(c); Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987) (stating that the claimant bears the burden of proof at step 2 of the sequential evaluation process). Plaintiff has not met that burden in this case, as she has not proffered evidence to indicate that her migraine headaches and depression present more than a minimal impact on her ability to perform basic work activities.

Plaintiff argues that her depression is a severe impairment based upon Dr. Daniel Palmer's February 24, 2005, one-time consultative examination of her, after which he concluded that she suffers from depression and rated her as being moderately or extremely limited in certain work-related areas. (R. 218, 220). Plaintiff argues that her migraine headaches also are a severe

AO 72
(Rev 8/82)

impairment because they persisted for many years despite using medication.

Despite Dr. Palmer's February 24, 2005, assessment concerning plaintiff's depression, and despite the fact that medical records from 2003 to early 2005 indicate she experienced migraine headaches (R. 189, 191-92, 194-95, 206-07), plaintiff's treating physician, Dr. Kristen Grine, subsequently reported in April 2006 that her migraines and depression were controlled with medication. (R. 298). It is well-established that an impairment which can be controlled by medication or treatment cannot be considered disabling. See Brown v. Bowen, 845 F.2d 1211, 1215 (3d Cir. 1988); Dearth v. Barnhart, 2002 WL 1041125 (3d Cir. May 23, 2002); see also 20 C.F.R. §§404.1530(a), 416.930(a) ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work.").

In addition to the fact that plaintiff's depression and migraines are controlled with medication, the court notes that plaintiff's treating physicians did not state that she is limited as a result of those problems. Further, plaintiff testified at the hearing that she is unable to work because she constantly has to go to the bathroom, not because of depression or migraine headaches. (R. 390). For all of these reasons, the ALJ properly concluded that plaintiff's depression and migraine headaches are not severe impairments.

Plaintiff next argues that ALJ's decision is not supported by substantial evidence because he relied upon an inaccurate

AO 72
(Rev. 8/82)

hypothetical question to find her not disabled. More specifically, plaintiff contends that the hypothetical was deficient because it did not reference any limitations relating to plaintiff's depression or migraine headaches, and, further, it did not accurately set forth all of her work-related limitations related to her bowel incontinence.

An ALJ's hypothetical question to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). As discussed above, the ALJ correctly determined that plaintiff's depression and migraine headaches are not severe impairments, thus he properly declined to include any alleged limitations related to those non-severe impairments in the hypothetical question to the vocational expert.

With respect to plaintiff's bowel incontinence, the ALJ's hypothetical limited plaintiff to work that allows brief access to a restroom every two to two and a half hours during the workday or that can be performed wearing an incontinence protection pad. Based on the evidence of record, that restriction did not adequately account for plaintiff's limitations as a result of her bowel incontinence.

Plaintiff's gastroenterologist, Dr. Ronald Brzana, reported in February 2006 that she continued to have up to twelve bowel movements per day, that her symptoms were persistent despite medication therapy, and that her activities of daily living have been disturbed as a result of her bowel problems. (R. 294).

◉AO 72
(Rev 8/82)

Plaintiff's treating physician, Dr. Grine, noted in April 2006 that plaintiff had difficulty controlling her bowels and stated that chronic diarrhea is her "most disabling medical problem." (R. 298). Plaintiff subsequently testified at the hearing that she has to go to the bathroom up to eight times per day because of bowel incontinence, and that she spends approximately ten minutes in the bathroom each time. (R. 392, 396). Plaintiff further testified that her bowel incontinence problems come on suddenly and that she does not know when she will need to use the bathroom. (R. 396).

The ALJ stated in his opinion that plaintiff's impairments "could reasonably be expected to produce the alleged symptoms, but that [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible regarding conditions <u>other than her diarrhea</u>." (R. 17-18) (emphasis added). The ALJ further observed, "[d]uring the hearing, [plaintiff] was reluctant to discuss her diarrhea and <u>it is felt that this condition may be worse than noted in her brief testimony on the topic</u>." (R. 18) (emphasis added). Based on these statements by the ALJ, he found credible plaintiff's testimony that she needed to use the bathroom up to eight times per day at sudden and unpredictable times, and concluded that her problem may be even worse than her testimony indicated.

Despite that finding, and contrary to plaintiff's testimony that she needs to use the bathroom up to eight times per day, the ALJ's hypothetical restricted her to using a bathroom every two to

AO 72
(Rev 8/82)

two and a half hours, which would only allow for bathroom access approximately four times throughout the work day. Further, the ALJ's hypothetical does not account for the fact that plaintiff's need to use the bathroom is sudden and unpredictable. As stated, the hypothetical restricted plaintiff to bathroom access every two to two and a half hours, rather than providing for frequent and unscheduled bathroom breaks. Even though the hypothetical also limited plaintiff to work that could be performed wearing an incontinence protection pad, that does not account for the fact that plaintiff's bowel incontinence occurs suddenly and unpredictably throughout the day. Indeed, plaintiff testified that she wears incontinence protection pads, but she still needs to access the bathroom to change them when she has bowel problems which can occur up to eight times throughout the day. (R. 392).

Based on the foregoing, the court finds that the ALJ's hypothetical question to the vocational expert did not include all of plaintiff's limitations related to her bowel incontinence that are supported by the evidence of record. For this reason, the case must be remanded to the Commissioner for further analysis at step 4 of the sequential evaluation process. On remand, the ALJ must pose a hypothetical question to the vocational expert that adequately accounts for all of plaintiff's limitations associated with her bowel incontinence, particularly her need to use the bathroom up to eight times throughout the day at sudden and unpredictable times. If the ALJ concludes that the vocational expert's testimony in response to a proper hypothetical indicates

that plaintiff cannot perform her past relevant work, the ALJ's analysis must continue to step 5 of the sequential evaluation process.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this Memorandum Judgment Order.

Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
1789 S. Braddock Avenue
Suite 570
Pittsburgh, PA 15218

John J. Valkovci, Jr.
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901